**2016 UT App 191**

# THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF S.A.,
A PERSON UNDER EIGHTEEN YEARS OF AGE.

S.A.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20160411-CA
Filed September 9, 2016

Third District Juvenile Court, Salt Lake Department
The Honorable Kimberly K. Hornak
No. 1125253

Colleen K. Coebergh, Attorney for Appellant

Sean D. Reyes and John M. Peterson, Attorneys
for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES GREGORY K. ORME, J. FREDERIC VOROS JR., and
STEPHEN L. ROTH.

PER CURIAM:

¶1      S.A. (Father) appeals the juvenile court's disposition order
in a protective supervision case.[1] Following oral arguments on

---

1. The State's petition sought an adjudication that the child was
within the jurisdiction of the juvenile court as an abused,
neglected, or dependent child and an order for protective
supervision services in the home of the parents. The disposition

(continued…)

Father's petition and the State's and Guardian ad Litem's responses, this court requested supplemental briefing on the following issue:

> Whether the requirement in the disposition order that Father submit to a domestic violence assessment and follow its recommendation is a "reasonable condition to be complied with" by Father under Utah Code section 78A-6-117(2)(p)(i), where the child is within the juvenile court's jurisdiction as a dependent child under Utah Code section 78A-6-103.

Father, the State, and the Guardian ad Litem each filed the requested memoranda. Father also moved the court to allow full briefing under rule 58(a) of the Utah Rules of Appellate Procedure. Based upon a review of the supplemental briefing, this court determines that further briefing will not materially aid the dispositional process and denies the motion for full briefing.

¶2 The State's petition for protective supervision sought (1) an adjudication that the child is an abused, neglected, or dependent child within the jurisdiction of the juvenile court, and (2) an order of "protective supervision services or other appropriate services over the child in the home of the parents." Utah Code Ann. § 78A-6-105(33) (LexisNexis Supp. 2016) (defining protective supervision as "a legal status created by court order following an adjudication on the ground of abuse,

---

(…continued)
order in this case is final and appealable because it granted all of the relief requested in the State's petition for protective supervision. *See In re K.F.*, 2009 UT 4, ¶ 36, 201 P.3d 985 ("To be final, a juvenile court order must 'end[] the current juvenile proceedings, leaving no question open for further judicial action.'" (alteration in original)(citation omitted)).

neglect, or dependency, whereby the minor is permitted to remain in the minor's home, and supervision and assistance to correct" that situation is provided by an agency designated by the court). The juvenile court found that the facts did not establish abuse or neglect but entered an adjudication order stating that the child was dependent as to Father.[2] A dependent child includes a child "who is . . . without proper care through no fault of the child's parent." *Id.* § 78A-6-105(11).

¶3 At a disposition hearing held after an adjudication of a child as abused, neglected, or dependent, and therefore within the jurisdiction of the juvenile court, the court may enter an order of "protective supervision," *id.* § 78A-6-312(1)(c)(i), or make "any of the dispositions described in Section 78A-6-117," *id.* § 78A-6-312(1)(a). Section 78A-6-117(2)(p)(i), states,

> In support of a decree under Section 78A-6-103, the court *may order reasonable conditions to be complied with by a minor's parents* or guardian, a minor, a minor's custodian, or any other person who has been made a party to the proceedings. Conditions may include:
>> (A) parent-time by the parents or one parent;
>> (B) restrictions on the minor's associates;
>> (C) restrictions on the minor's occupation and other activities; and
>> (D) *requirements to be observed by the parents or custodian.*

*Id.* § 78A-6-117(2)(p)(i) (emphases added).

---

2. After the child's mother admitted the allegations of the State's petition, the juvenile court entered an adjudication that the child was neglected by the mother. Nothing in this decision shall be construed as altering any orders from the juvenile court directed to the child's mother, who is not a party to this appeal.

¶4     The initial service plan that the Division of Child and Family Services drafted included requirements that Father undergo a mental health assessment, a domestic violence assessment, and a substance abuse assessment. Father objected to these requirements "as being beyond the scope of requirements to be observed by a non-offending parent." The juvenile court sustained Father's objection to the requirements for substance abuse and mental health assessments, but it overruled the objection to the directive that Father complete a domestic violence assessment and comply with any recommendations. Citing its findings from the earlier adjudication hearing, the juvenile court stated,

> I made a specific finding in paragraph 14 that there was a concern about [the child's] statement that he sees his mom and dad fighting a lot, and sometimes he sees them hit each other. The Court finds the parents have been arguing in the home. Parents have hit each other on occasion in the presence of [the child]; but under the statute it does not rise to the level of neglect.
>
> So I believe under that finding and under Section 117 and the specific paragraph cited, [(2)(p)(i)] that I can order reasonable conditions to be complied with by [the child's] father, which would be requirements to be observed by the parent or custodian under [(2)(p)(i)(D)]. . . . So I think it would be appropriate to order that the father . . . follow through with a domestic violence assessment and follow through with any recommendations.

¶5     Father appeals this disposition order, claiming that the juvenile court erred in requiring him to complete a domestic violence assessment and comply with its recommendations because there was no neglect adjudication as to Father and the

juvenile court found no fault by Father. The juvenile court's adjudication that the child was dependent as to Father is not challenged on appeal. That dependency adjudication rests, in part, upon the factual finding that the parents hit each other in the child's presence. That factual finding also is not challenged on appeal. Because of the factually intense nature of the juvenile court's inquiry, we afford the juvenile court's decision "a high degree of deference." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435. Thus, we do not overturn the juvenile court's decision unless "it either failed to consider all of the facts or considered all of the facts and its decision was nonetheless against the clear weight of the evidence." *Id.* "When a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *Id.*

¶6 The adjudication of a child as dependent, neglected, or abused forms the basis for juvenile court jurisdiction, thereby making all of the dispositional options listed in section 78A-6-117 available to that court. *See In re M.J.*, 2011 UT App 398, ¶ 49, 266 P.3d 850.

> Once the juvenile court has adjudicated the child as falling under its jurisdiction, it has ongoing jurisdiction over that child. *See* Utah Code Ann. § 78A-6-304(1)[LexisNexis 2012]; *In re K.F.*, 2009 UT 4, ¶¶ 22-24, 201 P.3d 985. With this continuing jurisdiction, the court has myriad dispositional choices available to it, *see* Utah Code Ann. § 78A-6-117(2)[LexisNexis Supp. 2015], from the minimally intrusive option of protective supervision, *see id.* § 78A-6-117(2)(a)(i), to the more drastic remedy of removal, *see id.* § 78A-6-117(2)(c)(i)(A).

*Id.* From the time of the adjudication of the child as within juvenile court jurisdiction, the court is "free to apply any of the dispositional options available to it." *Id.* ¶ 50.

¶7 Under section 78A-6-117(2), the juvenile court may impose conditions on a parent so long as the conditions are "reasonable." *See* Utah Code Ann. § 78A-6-117(2)(p)(i) (LexisNexis Supp. 2016). The condition that Father complete a domestic violence assessment and comply with any recommendations is reasonable under the circumstances of this case. First, the condition is reasonably related to the juvenile court's factual finding that "the parents have hit each other on occasion in the presence of [the child]." Second, the condition is proportionate to the concern raised by that finding. Finally, assessing and addressing any potential for domestic violence is reasonably calculated to serve the best interest of the child.

¶8 Because "a foundation for the court's decision exists in the evidence," we affirm the juvenile court's disposition order. *In re B.R.*, 2007 UT 82, ¶ 12.

———————